```
                                                    FILED

                                                2006 DEC 19 AM 11:01

                                                CLERK US DISTRICT COURT
                                                SOUTHERN DISTRICT OF CALIFORNIA

                                                BY   RM            DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LESLIE A. LAMER,<br><br>                    Petitioner,<br><br>          v.<br><br>JEANNE WOODFORD, Director,<br><br>                    Respondent. | Civil No.   05CV1108-BEN (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
|---|---|

Petitioner Leslie A. Lamer ("Petitioner" or "Lamer") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), challenging his state court convictions for lewd or lascivious acts involving children under California Penal Code § 288. The Honorable Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report"), recommending the Petition be denied. For the reasons that follow, Judge Porter's Report is **ADOPTED** in full, and the Petition is **DENIED**.

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th

Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ) (citation omitted)).

Here, Lamer makes no specific objections to the Judge Porter's findings in the Report. Rather, he takes issue with Judge Porter's reliance on the state appellate court's decision in analyzing Lamer's claims. However, "[b]ecause [Lamer] filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), its provisions apply." Little v. Crawford, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing Woodford v. Garceau, 538 U.S. 202, 207 (2003)). Under the AEDPA, "a petitioner is entitled to habeas relief only if the state court's decision 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Id. (quoting 28 U.S.C. § 2254(d)(1)-(2)). Therefore, in so far as determining whether Lamer is entitled to habeas relief, Judge Porter properly relied on the state court's decision analyzing those claims.

Notwithstanding Petitioner's failure to object, the Court has carefully reviewed the Report. Judge Porter's analysis is well reasoned. In his Petition, Lamer contends that he was denied: (1) his right to confront witnesses against him, because the trial court permitted the jury to view videotaped testimony from the victims; (2) his right to due process because the trial court allowed evidence of his prior bad acts; (3) his right to due process because the trial court instructed the jury that they were entitled to draw inferences from Lamer's failure to explain or deny evidence against him under California Jury Instruction 2.62; and (4) effective assistance of counsel. Judge Porter throughly analyzed all four claims, and properly determined that the state court's denial of those claims was neither contrary to, nor involve an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the Report is **ADOPTED IN FULL**. The Petition is **DENIED**. The Clerk shall close the file.

**SO ORDERED**.

DATED: 12/18/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel